# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNELL SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-912 (RMC) |
| ) | |
| BARACK OBAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Cornell Sanders, proceeding *pro se*, brings suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, against the Executive Office for United States Attorneys ("EOUSA"). Mr. Sanders's FOIA request focuses on records held by the U.S. Attorney's Office pertaining to his 1992 criminal prosecution, *United States v. Cornell Lorenzo Sanders*, No. 92-113-cr-FTM-21 (M.D. Fla.), in the United States District Court for the Middle District of Florida. Mr. Sanders challenges whether the U.S. Attorney's Office for the Middle District of Florida ("FLM") — and EOUSA as overseeing the search — produced all responsive documents and challenges the decision to withhold a transcript from the grand jury that indicted Mr. Sanders. Mr. Sanders also requests that the Court make factual and legal findings beyond the merits of his FOIA claim. As the Court finds that EOUSA acted properly in responding to Mr. Sanders's FOIA request, the Defendant's motion for summary judgment will be granted.

# I. FACTS

On October 17, 2007, Plaintiff Cornell Sanders submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the Executive Office for United States Attorneys ("EOUSA"), which is a component of the United States Department of Justice ("DOJ")[1]. Specifically, Mr. Sanders sought:

> [a] copy of the original complaint, as required under Rule 3, of the Federal Rules of Criminal Procedure, from case number 92-113-CR-FMT-21, filed in the United States District Court for the Middle District of Florida. Also, I am requesting a copy of the Arrest Warrant, as required under Rule 4. Additionally, I request copies of any testimony, information, evidence, exhibits, minutes / transcripts, any and / or all other similar information that was submitted to the Federal Grand Jury.

Defs.' Mem. in Support of Mot. for Summ. J. [Dkt. # 15] ("Defs.' Mem."), Exhibit 1 (FOIA Request). All the documents sought stem from Mr. Sanders's criminal prosecution, and subsequent conviction, in the U.S. District Court for the Middle District of Florida, Fort Myers Division. Mr. Sanders included a DOJ-issued Certification of Identity form and a printout demonstrating his inmate account balance with his request. *See id*. By letter dated November 15, 2007, EOUSA confirmed receipt of Mr. Sanders's FOIA request and assigned it request number 07-3792.

---

[1] The United States Department of Justice, and not its component parts Office of Information and Privacy or the Executive Office for the United States Attorneys, is the sole proper defendant in this action. Neither President Barack Obama nor the Executive Office of the President of the United States is an "agency" subject to the FOIA. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980). The individually named defendants William G. Stewart II and Janice Galli-McLeod are not proper defendants as FOIA only provides for a cause of action based on the actions/inactions of agencies, not individuals. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006). Therefore, Defendants President Barack Obama, William G. Stewart II, and Janice Galli-McLeod will be dismissed as parties to this action.

As each U.S. Attorney's Office maintains it own case files, EOUSA then forwarded the FOIA request to the U.S. Attorney's Office for the Middle District of Florida, Tampa Division ("USAO FLM"). In response to the request, Christina J. Griffiths, then-FOIA liaison at USAO FLM, conducted a search for responsive records. Ms. Griffiths conducted a search of the Legal Office Information Network System ("LIONS"), which is an electronic database indexing all current and completed cases. LIONS is searchable by a defendant's name, the USAO file jacket number, or the district court case number. Ms. Griffiths conducted a search on LIONS using Mr. Sanders's full name "Cornell Sanders" and the criminal case numbers "CR# 1992R73211" and "92-113-CR-FTM-21." Defs.' Mem., Ex. L ("Griffiths Decl.") ¶ 10. The search revealed Mr. Sanders's closed criminal case and by contacting various individuals, Ms. Griffiths was able to locate the physical file for the criminal case. Ms. Griffiths found the box containing the physical file, located at the Appellate File Storage room, and searched the file. With the exception of a sixteen-page grand jury transcript,[2] Ms. Griffiths did not find any responsive records in his criminal file.

By letter dated February 19, 2008, EOUSA informed Mr. Sanders that the search by USAO FLM uncovered no responsive records. EOUSA explained that the records did not contain a copy of the requested arrest warrant and that the grand jury transcript was exempt from release under FOIA Exemption (b)(3) and Rule 6(e) of the Federal Rules of Criminal Procedure. Mr. Sanders was informed that the decision reflected in the letter constituted a final action by the agency and explained the process by which to appeal the determination. By letter dated February 25, 2008,

---

[2] From the record, it is unclear whether the transcript found by Ms. Griffiths pertains to the grand jury that returned the original indictment against Mr. Sanders in 1992, or the grand jury that returned the superceding indictment against Mr. Sanders in 1993. It is irrelevant, however, for purposes of this civil suit. As discussed later, Mr. Sanders would not be entitled to either transcript.

Mr. Sanders filed a timely administrative appeal with the DOJ's Office of Information & Privacy ("OIP") appealing the adequacy of EOUSA's search for responsive documents and EOUSA's decision to withhold the grand jury transcript. By letter dated March 20, 2008, OIP notified Mr. Sanders that his appeal was assigned number 08-1230.

On May 19, 2008, OIP affirmed in part EOUSA's final action on Mr. Sanders's FOIA request. OIP first determined that EOUSA conducted a reasonable and diligent search for responsive records, despite not finding Mr. Sanders's arrest warrant. OIP also upheld EOUSA's decision to withhold grand jury information reasoning it was protected from disclosure by 5 U.S.C. § 552(b)(3), which shields information specifically exempted by statute from the disclosure requirements of FOIA. OIP determined that EOUSA correctly invoked 5 U.S.C. § 552(b)(3) because Rule 6(e) of the Federal Rules of Criminal Procedure provides generally for the secrecy of grand jury proceedings. However, as to Mr. Sanders's request for a copy of the criminal complaint, OIP remanded the case to EOUSA for the agency to produce the indictment and superceding indictment — which were the charging documents filed by the prosecutor in the case.[3] On March 26, 2009, EOUSA released the four-page indictment and a one-page superceding indictment to Mr. Sanders without redactions.

On April 13, 2009, Mr. Sanders again appealed to OIP seeking the release of missing pages from the superceding indictment and complaining that the copy of the superceding indictment lacked the official court seal. Mr. Sanders also contested the decision to withhold other requested documents, such as the criminal complaint and everything presented to the grand jury. The letter

---

[3] Because Mr. Sanders was indicted by a grand jury, there was no police officer "complaint" that initiated his prosecution.

also notified OIP that Mr. Sanders had filed a lawsuit with the U.S. District Court for the District of Columbia. Mr. Sanders's second administrative appeal to the OIP was assigned number 09-1741. On July 22, 2009, OIP informed Mr. Sanders that it was terminating his appeal in accordance with 28 C.F.R. § 16.9(a)(3) since he had filed the instant civil case. Nonetheless, on September 29, 2009, EOUSA issued a supplemental release providing Mr. Sanders with a complete four-page copy of the superceding indictment. After Mr. Sanders filed this suit, Ms. Griffiths conducted a second search of the criminal case file to locate the arrest warrant and/or the arrest warrant affidavit. Neither could be found.[4]

Mr. Sanders filed suit on May 18, 2009. He alleges that the documents Defendants have produced are forgeries. *See* Complaint at 3. However, even if such documents are authentic, Mr. Sanders argues that full disclosure has not been made since certain documents, including copies of the criminal complaint/Magistrates' complaint, information, or officers' affidavit in support of the complaint have not been produced. *Id*. Mr. Sanders further requests, *inter alia*, that this Court make findings of fact and law as to whether the government had probable cause to arrest Mr. Sanders in the first instance. *Id*. at 4.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; *Anderson v. Liberty*

---

[4] Mr. Sanders appended a copy of an unsigned and a signed arrest warrant from his criminal case to the Complaint. Neither of these documents could be found in the U.S. Attorney's Office that prosecuted Mr. Sanders.

*Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, a court may award summary judgment solely on the basis of information provided by the agency in declarations when the declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III. ANALYSIS

FOIA requires agencies of the federal government to release records to the public upon request, unless one of nine statutory exemptions applies. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). A suit is only authorized under the FOIA against federal agencies and

injunctive relief is only available to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Pursuant to the remedial powers of FOIA, a district court may only order the production of agency records, nothing more. *See, e.g., Kennecott Utah Copper Corp. V. U.S. Dep't of the Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (finding FOIA only calls for releasing documents to a complainant, not publishing the records in the Federal Register). Once the requested records have been produced there is no longer a case or controversy and the FOIA action becomes moot. *Crooker v. U. S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980).

The defendant in a FOIA case must show that the search for responsive documents was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt information has been disclosed after deletion of exempt information. *See Pub. Employees for Envtl. Responsibility v. U.S. Dep't of Interior*, Civ. No. 06-182, 2006 WL 3422484, at *8 (D.D.C. Nov. 28, 2006). The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether other responsive documents not yet produced may exist, but whether the search itself was adequate. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). Thus, to rebut a challenge to the adequacy of a search, the agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 950 (D.C. Cir. 1986)). There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable

search of those systems of records likely to possess the requested information. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

An agency may prove the reasonableness of its search by a declaration by responsible agency officials, so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith. *Military Audit Project*, 656 F.2d at 738. The agency affidavit can demonstrate reasonableness by "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir 1999). An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted); *see also id.* at 1201 ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."). Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. *See Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993).

Following a reasonable search, an agency may lawfully withhold certain categories of records from a requesting plaintiff pursuant to a FOIA exemption. Though FOIA "strongly favors prompt disclosure, its nine enumerated exemptions are designed to protect those legitimate governmental and private interests that might be harmed by release of certain types of information." *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) (internal quotation marks omitted). Exemption 3 provides that an agency may withhold records that are specifically exempted from disclosure by

statute. 5 U.S.C. § 552(b)(3)[5]. Federal Rule of Criminal Procedure 6(e), which protects the secrecy of the grand jury, was affirmatively enacted by Congress and thus qualifies as an exempting statute pursuant to Exemption 3. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1113 (D.C. Cir. 2007). While there is no per se rule that any information brought before the grand jury is automatically brought outside the reach of FOIA, the integral question becomes whether the information sought would "tend to reveal some secret aspect of the grand jury's investigation" such as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of Puerto Rico ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987) (internal citations omitted). Thus, information that is coincidentally before the grand jury can be disclosed if it does not reveal the "inner workings of the grand jury." *Fund for Constitutional Government v. Nat'l Archives and Records Service*, 656 F.2d 856, 870 (D.C. Cir. 1981).

### A. Reasonableness of EOUSA's Search

The declarations of Ms. Griffiths and Mr. David Luczynski, attorney advisor with EOUSA, reveal a search reasonably calculated to uncover all relevant documents in response to Mr. Sanders's FOIA request. *See Steinberg*, 23 F.3d at 551. Mr. Sanders requested records from EOUSA relating to his criminal prosecution by the USAO FLM. Mr. Lucyznski, of EOUSA headquarters, forwarded Mr. Sanders's FOIA request to Ms. Griffiths at USAO FLM since each United States Attorney's Office maintains their own case files for criminal matters prosecuted by that

---

[5] Pursuant to Exemption 3, an agency may withhold information that is "specifically exempted from disclosure by statute . . . if that statute -- (A)(i) requires that matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . ." 5 U.S.C. § 552(b)(3).

office. *See* Defs.' Mem., ("Luczynski Decl.") ¶ 15. Ms. Griffiths conducted a search of the electronic database system which stores all current and closed cases. Ms. Griffiths utilized the search terms "Cornell Sanders" and the criminal case numbers "CR# 1992R73211" and "92-113-CR-FTM-21." Griffiths Decl. ¶ 10. Through the computerized search, Ms. Griffiths identified Mr. Sanders's closed criminal case and emailed the Assistant United States Attorney to whom Mr. Sanders's appellate case was assigned, the Assistant U.S. Attorney's assistant, and the Ft. Myers FOIA contact to inquire as to the whereabouts of the physical file. Ms. Griffiths discovered that the physical file was located at the Appellate File Storage room in the Tampa office. Ms. Griffiths located the box containing Mr. Sanders's physical file and searched the file, yet did not find responsive documents beyond the released indictment and superceding indictment and the exempted grand jury transcript. Ms. Griffiths searched the box again months later to no avail. Lastly, Ms. Griffiths declared that she searched everywhere it was likely that responsive records would exist and that there were no other logical places for her to search. Mr. Lucyznski also declared that there were no other record systems or locations within the USAO FLM where files relating to Mr. Sanders are maintained.

It is true that if a review of the record raises substantial doubt as to the reasonableness of the search, especially in light of "well defined requests and positive indications of overlooked materials," then summary judgment would be inappropriate. *Founding Church of Scientology v. Nat't Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979). This is not the case here. Beyond speculation, Mr. Sanders can point to nothing in the record indicating that the search was not reasonable or, more to Mr. Sanders's allegations, that Ms. Griffiths, Mr. Lucyzenski, or the agency as a whole conducted the search in bad faith. On the contrary, Defendants have produced a detailed

affidavit explaining the complete process the agency underwent to locate files responsive to Mr. Sanders's request which demonstrates a search reasonably calculated to find responsive documents. The Defendants' search for records responsive to Mr. Sanders's FOIA request was reasonable.

### B. FOIA Exemption (b)(3)

Defendants argue that grand jury transcripts fall squarely within FOIA Exemption 3. While it is true that the government may not automatically shield all exhibits or information from FOIA simply by presenting them to a grand jury, a grand jury transcript itself epitomizes the sensitive details of the proceedings that Congress sought to keep protected. To disclose a transcript would be to disclose the inner workings of the grand jury, which is prohibited. The identities of witnesses or jurors could be comprised and the substance of testimony, the strategy and/or direction of the investigation, and the deliberations and questions of the jurors could all be revealed. *See Senate of Puerto Rico*, 823 F.2d at 582. In fact, the transcript most clearly falls within this exemption. Thus, the Defendants have properly invoked Exemption 3 to deny Mr. Sanders's request. *See, e.g.*, *Dixon v. U.S. Dep't of Justice*, Civ. No. 03-2577-RJL, 2005 U.S. Dist. LEXIS 37796, *8 (D.D.C. Sept. 19, 2005) ("Clearly, transcripts of grand jury testimony are protected from disclosure."); *Geronimo v. Exec. Office for United States Attys.*, Civ. No. 05-1057-JDB, 2006 U.S. Dist. LEXIS 47858, *10 (D.D.C. July 14, 2006) (same).[6]

---

[6] Questions of segregability must be determined in FOIA litigation; that is, a court must determine whether an agency properly segregated only that which was exempt from disclosure and otherwise released agency records. *See Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026 (D.C. Cir. 1999). Inasmuch as EOUSA released everything found that was pertinent to Mr. Sanders's request in full and without redactions, other than the grand jury transcript which is exempted in full, segregability is not an issue. Therefore, the Court is satisfied that only exempt records have been withheld, and that all reasonably segregable material has been released to Mr. Sanders.

Mr. Sanders argues that the transcript should not have been withheld, yet he ignores the exemption justification put forth by the Defendants. *See* Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. [Dkt. # 17] ("Opp'n") at 2, 7. Instead, Mr. Sanders contends that without the grand jury transcript, he will be unable to ascertain how the government demonstrated probable cause in order to obtain an indictment in his criminal prosecution. *Id*. at 2. As explained below, this is not a consideration within the jurisdiction of this Court nor does this justification rebut the Defendants' proper claim of Exemption 3 and proper withholding of the grand jury transcript.

### C. Claims Falling Outside of FOIA's Jurisdiction

Mr. Sanders is concerned with the fact that his FOIA request did not turn up "essential documents such as a criminal complaint, magistrates complaint, or a sworn affidavit[.]" Compl. 5. Mr. Sanders questions how an indictment and a superceding indictment could be returned in his criminal prosecution without these essential documents, as he terms them. *Id*. After the superceding indictment was produced, Mr. Sanders argues that the copy he received appears "illegitimate" because the clerk's certification that it is a true copy of the original "does not show the Court's Seal nor Insignia, nor does it show the date that the deputy clerk signed the certification statement." Opp'n, Pl.'s Affidavit of Fraud, Forgery, & Perjury [Dkt. #17-1] (lower case substituted) ¶ 3. Ultimately Mr. Sanders requests that the Court "determine the truth as to whether the documents requested actually exist or not, and to determine the authenticity of the disclosed documents that the Plaintiff believes are forgeries." Compl. 7.

Moreover, Mr. Sanders believes that the arrest warrant employed in his criminal case was not real. He reasons:

> In an Order issued by United States District Judge John E. Steele, in Case No. 2:08-CV-00117-UA-SPC, *Sanders v. United States*[7] Judge Steel [sic] erroneously states that "The fact that the arrest warrant was not in the files of the Department of Justice does not change the fact that is has always been contained in the court file." We now know that this is not true because in the Declaration of Christina Griffiths, she testifies that she personally retrieved the file from the storage archives and reviewed the whole file and none of the documents to support Probable Cause, nor an Arrest Warrant were in the file. Because of this, the Arrest Warrant cannot be real. It is fabricated .
> . . .

Opp'n, Pl.'s Declaration [Dkt. # 17-1] ¶ 9. There is obvious confusion around this point. The file reviewed by Ms. Griffiths was a file in the Office of the United States Attorney for the Middle District of Florida. The file referenced by Judge Steele was the file of the United States District Court for the Middle District of Florida. Mr. Sanders submitted his FOIA request to EOUSA and Ms. Griffiths checked its files. The absence of a copy of the arrest warrant in the prosecutor's files does not affect the validity of the files maintained by the District Court. Because Mr. Sanders believes the arrest warrant was fraudulent, he charges those involved in his criminal prosecution with fraud, deception and forgery and requests an investigation by the Federal Bureau of Investigation.

Mr. Sanders's various requests go beyond the release of documents. This Court's jurisdiction is limited to the FOIA request and, thus, falls short of these collateral concerns and requests made by Mr. Sanders.[8] This Court may only look to whether an agency has (1) improperly (2) withheld (3) agency records. *See Tax Analysts*, 492 U.S. at 142. Moreover, this Court's remedial

---

[7] This was a petition for habeas corpus filed by Mr. Sanders in 2008. *See* Opp'n, Docket Sheet for Case # 2:08-cv-00117-UA-SPC [Dkt. # 17-1] at 9–10.

[8] Without passing judgment on the merits of any of these concerns or requests, Mr. Sanders's arguments that the government lacked probable cause for his arrest and prosecution are properly made to the sentencing court — the United States District Court for the Middle District of Florida — not this one. *See* 28 U.S.C. § 2255(a), (e).

powers are limited to injunctive relief to remedy the improper withholding of agency records, *see Kissinger*, 445 U.S. at 150, not to determine the authenticity of the produced documents or to make findings of fact and law as to whether probable cause existed in Mr. Sanders's criminal arrest or prosecution. This simply is not the correct forum.

## IV. CONCLUSION

After careful consideration of the briefs and attached declarations, the Court finds that the Defendants conducted a reasonable search for all records responsive to Mr. Sanders's FOIA request, despite the few documents found and produced. Defendants have properly invoked Exemption 3 to withhold the grand jury transcript. Based on Mr. Sanders's underlying request, he has received all that he is entitled to receive under the FOIA. Mr. Sanders's challenge of the authenticity of documents and the process underlying his criminal prosecution is not within the jurisdiction of this Court sitting as an arbiter of FOIA. Due to the foregoing reasons, Defendants' motion for summary judgment [Dkt. # 15] will be granted. Furthermore, Defendants President Barack Obama, William G. Stewart II, and Janice Galli-McLeod will be dismissed as parties to this action. A memorializing Order accompanies this Memorandum Opinion.

Date: August 2, 2010                             /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge